| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF RICHLAND | ) | |
| | ) | |
| CINDY LEONE AS PR FOR THE ESTATE OF JEAN PAYNE, | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | |
| | ) | 2016-CP-40-06278 |
| vs. | ) | |
| | ) | |
| HEARTLAND OF COUMBIA AND MANORCARE, INC. | ) | |
| Defendant(s) | ) | |

**COPY**

Submitted By: Theile B. McVey; John D. Kassel
Address: P O Box 1476; Coolumbia SC 29202-1476

SC Bar #: 16682; 03286
Telephone #: 803-256-4242
Fax #: 803-256-1952
Other:
E-mail: tmcvey@kassellaw.com; emoultrie@kassellaw.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.   ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☒ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-____-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| ☐ Employment Discrim (170) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment (180) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Other (199) _____ | | ☐ Other (399) _____ | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| Special/Complex /Other | | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

Submitting Party Signature: /s/

Date: October 18, 2016

SCCA / 234 (03/2016)                                Page 1 of 2

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | FOR THE 5TH JUDICIAL CIRCUIT |
| ) | |
| Cindy Leone, as Personal Representative ) of the Estate of Jean Payne ) Plaintiff, ) | C/A No.: 2016-CP-40-_____ |
| ) | |
| v. ) | |
| ) | SUMMONS |
| Heartland of Columbia and Manor Care, ) Inc. ) Defendants. ) | |

*JEANNETTE W. MCBRIDE C.C.P. & G.S. 2016 OCT 20 AM 11:49 RICHLAND COUNTY FILED*

TO:   THE DEFENDANTS ABOVE-NAMED:

**YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

RESPECTFULLY SUBMITTED,

*/s/ Theile B. McVey*

Theile B. McVey (SC Bar No.: 16682)
tmcvey@kassellaw.com
John D. Kassel (SC Bar No.: 03286)
jkassel@kassellaw.com
KASSEL MCVEY ATTORNEYS AT LAW
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202-1476
803-256-4242
803-256-1952 (Facsimile)
Other email: emoultrie@kassellaw.com

1

Sarah L. Clingman, Esquire
sarah@clingmanlaw.com
Clingman Law Firm, LLC
1522 Richland Street
Columbia, SC 29201
803-787-0557
803-782-7607 (Facsimile)

ATTORNEYS FOR PLAINTIFF

October 18, 2016

Columbia, South Carolina.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | FOR THE 5TH JUDICIAL CIRCUIT |
| ) | |
| Cindy Leone, as Personal Representative ) of the Estate of Jean Payne ) Plaintiff, ) ) v. ) ) ) Heartland of Columbia and Manor Care, ) Inc. ) Defendants. ) _____) | C/A No.: 2016-CP-40-_____ COMPLAINT (Jury Trial Demanded) |

## THE PARTIES

Plaintiff, complaining of Defendants above-named, would respectfully show that:

1. Plaintiff Cindy Leone is a citizen and resident of South Carolina, County of Richland and is the duly appointed Personal Representative of Jean Payne. Ms. Payne was a resident of Richland County, State of South Carolina at the time of her death.

2. Defendant Heartland of Columbia and Manor Care, Inc. are rehabilitation and long term care facilities located in Columbia, South Carolina, County of Richland, providing nursing services and other heath care services through its employees to the public.

## STATEMENT OF FACTS

3. In May of 2014, Plaintiff's decedent Jean Payne was suffering from COPD, but was living independently at her own home. She suffered a fall at home and fractured her left hip. She was admitted to Providence Hospital where she underwent surgery.

1

4. On May 23, 2014, Ms. Payne was admitted to the Defendants' facility. Following rehabilitation, Ms. Payne was to be returned home.

5. On admission to the Defendants' facility, Ms. Payne was determined to be at high risk for falls because she had a history of falls, impaired balance and poor coordination among other risk factors.

6. On admission, Ms. Payne as at minimum a one person assist with all ADLs. She required extensive assistance to the bathroom.

7. On admission, the only fall precautions in the fall care plan for Ms. Payne were to administer Vitamin D and Calcium, the bed in low position, and to call for assistance.

8. On June 9, 2014, Ms. Payne fell while attempting to go to the bathroom when no employee of the Defendants arrived to take her to the bathroom. Despite the broken hip, Ms. Payne was able to travel from her bed all the way to the hallway door. No employee of the Defendants provided any assistance.

9. As a result of the fall, Ms. Payne suffered a fracture of her right hip and her left femur. Ms. Payne was cleared for surgery to take place on June 10, 2014 at Providence Hospital.

10. Defendants, through its employees, was negligent, careless, reckless, grossly negligent, wilful and wanton in the following particulars:

 a. In failing to develop and implement an appropriate plan of care to prevent falls.

 b. In failing to comprehensively and accurately assess Ms. Payne's risk for falls.

 c. In failing to develop and implement an appropriate plan of care to protect Ms. Payne from falling.

d.     In failing to provide appropriate care and monitoring to protect Ms. Payne from falling.

e.     In failing to document details and do a full investigation about the June 9, 2014 fall.

11.     As a proximate result of the above described negligent, grossly negligent, wilful and wanton acts, Ms. Payne suffered injury and ultimately died.

## FOR A FIRST CAUSE OF ACTION
### (Survival Action)

11.     As a direct and proximate result of the actions of the Defendant, Ms. Payne underwent much physical pain, suffering, mental anguish, and emotional distress, and impairment of bodily efficiency before her death and incurred expenses for medical care.

## FOR A SECOND CAUSE OF ACTION
### (Wrongful Death Action)

12.     As a result of the above described acts of the Defendant, the statutory beneficiaries of Jean Payne have suffered, and will in the future suffer:

     a.     Grief;

     b.     Shock;

     c.     Sorrow;

     d.     Wounded feelings;

     e.     Loss of companionship;

     f.     Loss of the deceased's counsel on family matter;

     g.     Emotional distress;

     h.     Pecuniary loss in funeral expenses;

     I.     Loss of the deceased's financial support.

RESPECTFULLY SUBMITTED,

Theile B. McVey (SC Bar No.: 16682)
tmcvey@kassellaw.com
John D. Kassel (SC Bar No.: 03286)
jkassel@kassellaw.com
KASSEL MCVEY ATTORNEYS AT LAW
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202-1476
803-256-4242
803-256-1952 (Facsimile)
Other email: emoultrie@kassellaw.com

Sarah L. Clingman, Esquire
sarah@clingmanlaw.com
Clingman Law Firm, LLC
1522 Richland Street
Columbia, SC 29201
803-787-0557
803-782-7607 (Facsimile)

ATTORNEYS FOR PLAINTIFF

October 18, 2016

Columbia, South Carolina.

4

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| Cynthia P. Leone as Personal Representative ) of the Estate of Jean L. Payne, ) ) Plaintiff, ) ) vs. ) ) Heartland of Columbia and Manor Care, Inc. ) ) Defendants. ) | C/A No.:_____ **AFFIDAVIT OF CAROL ANN WHITE, DNP, RN, ANPC, GNPC, CNLCP** |

Carol Ann White, DNP, RN, ANPC, GNPC being duly sworn deposes and says:

1. I am a registered nurse, licensed by the state of Indiana. I received a BSN (1992) as well as a Master of Science in Adult and Geriatric Nurse Practitioner, and a Master of Science in Community Health Nursing (2000) from Indiana Wesleyan University. I also received a Doctor of Nursing Practice degree (2009) from the University of Alabama at Birmingham. I am a Certified Adult Nurse Practitioner. I am also a Certified Geriatric Nurse Practitioner. I am the Founder and Executive Director of National Healthcare Innovations, which provides services to healthcare and related organizations. As part of my duties, I have provided clinical services in outpatient care settings, nursing home setting, and assisted living settings. Since 2008, I have also coordinated the geriatric nurse Practitioner program at Indiana Wesleyan University. I also serve as an Assistant Professor of Nursing.

2. I have actual professional knowledge and experience in the area of patient care, specifically with regards to rehabilitation and long term care facilities as a result of my having been regally engaged in the active practice in these areas for the last 20 years.

1

3. Through my professional standing as set forth above, I am familiar with the applicable standard of care for nursing home professionals in a long term care and rehabilitation facility, regarding the evaluation and treatment of hospitalized patients in a rehabilitation facility as well as the prevention of falls.

4. This affidavit is made pursuant to section 15-36-100 of the 1976 South Carolina Code of laws, which requires that this affidavit must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit. As other information is provided to me, I reserve the right to review, and if necessary change or further explain, any opinions rendered.

5. The evidence made available to me, for my review, prior to making this affidavit includes:

   $   Manor Care 5-23-14 to 6-9-14 (000001-000321)

   $   Providence Hospital 6-14 to 6-10-14 (0000001 to 000111)

6. In May of 2014, Ms. Payne was suffering from COPD but was living independently at her own home. She suffered a fall at home and fractured her left hip. She was admitted to Providence Hospital where she underwent surgery.

7. On May 23, 2014, Ms. Payne was admitted to the Defendants' facility. Based on my review of the records, the goal was to rehabilitate Ms. Payne and then return her to her home. On admission, she was determined to be at high risk for falls.

8. The records indicate that Ms. Payne was at high risk for falls because she had a history of falls, impaired balance and poor coordination. Ms. Payne was at minimum a one person assist with all ADLs. She required extensive assistance to the bathroom.

9. The records indicate that the only fall precautions in the fall care plan were to administer Vitamin D and Calcium, bed in low position, and to call for assistance.

10. On June 9, 2014, Ms. Payne fell while attempting to go to the bathroom. It appears from the records, that Ms. Payne was able to travel from her bed to the hallway door without assistance.

11. As a result of the fall, Ms. Payne suffered a fracture of her right hip and her left femur. Ms. Payne was cleared for surgery to take place on June 10, 2014 at Providence Hospital. Ms. Payne did well on the evening of June 9, 2014. However, on June 10, 2014, she developed increasing shortness of breath and chest discomfort. She passed away on the morning of June 10, 2014.

12. Based on my education, experience and training, it is my opinion to a reasonable degree of medical certainty that employees acting within the course and scope of their employment at the Defendants' facility committed the following negligent acts which constitute a failure to comply with appropriate standard of care:

- in failing to develop and implement an appropriate plan of care to prevent falls
- In failing to comprehensively and accurately assess Ms. Payne's risk for falls
- In failing to develop and implement an appropriate plan of care to protect Ms. Payne from falling
- In failing to provide appropriate care and monitoring to protect Ms. Payne from falling
- In failing to document details and do a full investigation about the June 9, 2014 fall.

**FURTHER AFFIANT SAYETH NAUGHT.**

*[Signature appears on the following page.]*

3

_Carol Ann White_ (signature)

Carol Ann White, DNP, RN, ANPC, GNPC, CNLCP

Sworn to before me this

20th day of July, 2016

_Sherry L. Frame_ (signature)
NOTARY PUBLIC FOR INDIANA
My Commission Expires:

SHERRY L. FRAME
Notary Public, State of Indiana
Huntington County
My Commission Expires
October 11, 2023

4

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | FOR THE 5TH JUDICIAL CIRCUIT |
| ) | |
| Cindy Leone, as Personal Representative ) | C/A No.: 2016-CP-40-06278 |
| of the Estate of Jean Payne ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | PLAINTIFF'S FIRST INTERROGATORIES |
| ) | TO DEFENDANTS |
| Heartland of Columbia and Manor Care, ) | |
| Inc. ) | |
| Defendants. ) | |

TO: DEFENDANTS AND THEIR ATTORNEYS:

Pursuant to Rule 33(b) of the South Carolina Rules of Civil Procedure, Plaintiff requests that the Defendant answer the following interrogatories and that a copy of your answers be served upon the undersigned within forty five (45) days of service to you at the offices of Kassel McVey, P. O. Box 1476, Columbia, South Carolina 29202.

### INTERROGATORIES

1.  Give the names and addresses of persons known to the Defendant or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and, if so, indicate who has possession of such statements.

2.  Set forth a list of photographs, plats, sketches or other prepared documents in possession of the Defendant of the Defendant's attorney that relates to the claim in this case.

3.  Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the claim, and set forth the numbers of the policies involved and the amount of liability coverage provided in each policy.

9. Identify the section or unit of Defendant's facility where Ms. Payne was placed during her stay at your facility in 2014.

10. Identify the number of patients admitted in the section or unit where Ms. Payne was a patient in May and June 2014.

11. Identify the diagnosis, level of dependency and degree of disability of each patient in the section or unit where Ms. Payne was admitted during May and June, 2014.

12. For each shift on June 8 and 9, 2014, identify each individual who was working in the section or unit where Ms. Payne was admitted, listing the name, address, job title, duties, certification or degree of each.

13. Identify by name, address and position or title, supervisory staff for each shift in the unit or section where Ms. Payne was admitted on May 23, 2014.

14. Identify by name and address, the current chief executive officer of your facility in Florence.

15. Identify by name and address, the chief executive office of your facility in Columbia in January 1, 2014 through December 31, 2014.

16. Identify by name and address and title, the current director of nursing of your facility in Columbia.

17. Identify by name and address, the director of nursing of your facility in Columbia in January 1, 2014 through December 31, 2014.

18. Identify by name and address and title the person or persons most knowledgeable about any and all individualized care plans adopted for Ms. Payne while at your facility.

3

4. List the names and addresses of any expert witnesses whom the party proposes to use as a witness at the trial of the case. For each expert, please list:

    a. The subject matter or area in which such person is to testify;

    b. The substance of the facts and opinions in which such person is to testify;

    c. A summary of the grounds or basis for each opinion and fact; and

    d. A list of books, treatises, articles and other works which such person regards as authoritative on the subject matter on which (s)he is expected to testify.

5. For each person known to the Defendant or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the Plaintiff of important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

6. Identify any and all internal personnel files, disciplinary files, reports or incident reports related in any way to Jean Payne including, but not limited to, the incidents set forth in the Complaint.

7. Identify each legal action or claim (court term, your attorney's name, number, state or federal, indicate whether plaintiff or defendant) in which the Defendants have been a party or had a claim made against it and the disposition of such legal action or claim in which it has alleged that a patient in your care was injured due to a fall during the last five (5) years.

8. Identify by name and employment position/status of each employee who was supervising Jean Payne at the time of her fall on June 9, 2014 while a patient at your facility.

2

19. Identify by name and address and title the person or persons most knowledgeable about training, with specific regard to the proper supervision of patients who have been identified as being at risk for falls.

20. Identify the names, addresses and titles of any and all auditors, companies or persons hired to review and/or audit practices, procedures and patient safety at your facility for the last five (5) years.

21. Provide the net worth of the Defendants.

22. Identify each policy and procedure in effect from January 1, 2014 through December 31, 2014, regarding the proper method for identification and prevention of injuries from patient falls.

Theile B. McVey (SC Bar No.: 16682)
tmcvey@kassellaw.com
John D. Kassel (SC Bar No.: 03286)
jkassel@kassellaw.com
KASSEL MCVEY ATTORNEYS AT LAW
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202-1476
803-256-4242
803-256-1952 (Facsimile)
Other email: emoultrie@kassellaw.com

Sarah L. Clingman, Esquire
sarah@clingmanlaw.com
Clingman Law Firm, LLC
1522 Richland Street
Columbia, SC 29201
803-787-0557
803-782-7607 (Facsimile)

ATTORNEYS FOR PLAINTIFF

October _____, 2016

Columbia, South Carolina.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | FOR THE 5TH JUDICIAL CIRCUIT |

C/A No.: 2016-CP-40-06278

Cindy Leone, as Personal Representative )
of the Estate of Jean Payne )
          Plaintiff, )
)
   v. )
)    **PLAINTIFF'S FIRST**
)    **REQUEST TO PRODUCE**
Heartland of Columbia and Manor Care, )    **TO DEFENDANTS**
Inc. )
          Defendants. )
_____)

**TO:**    **DEFENDANTS AND THEIR ATTORNEYS:**

     Pursuant to Rule 34 of the South Carolina Rules of Civil Procedure Plaintiff, by and through her undersigned counsel, hereby requests that you produce and permit the undersigned, or someone acting on their behalf, to inspect and/or copy the following documents, materials and/or products at issue within forty-five (45) days after the service of this request. This request shall be deemed continuing and to require supplement responses if Defendants obtain further documents or materials between the time of production and the time or trial.

## REQUEST TO PRODUCE

1.    Please produce all documents identified in your responses to Plaintiff's Interrogatories.

2.    Except as already identified in response to Request number 1, produce all photographs, plats, sketches and recordings whether written, videotaped, audio taped, digital, computerized or electronic that relate to any claims or defenses in this case.

3. Produce all documents containing or relating, in any way, to written or recorded statements that have been taken from any person pertaining to any claims or defenses in this case.

4. Produce all documents and/or exhibits you intend to use at the trial of this case.

5. Produce any and all resumes/curriculum vitaes for each expert who will testify at trial.

6. Produce all documents, photographs or other tangible things supplied to or relied upon by any expert who is expected to testify at trial.

7. Produce any notes, reports, photographs, documents or correspondence made by any expert witness whom the Defendant expects to call at trial.

8. Produce the complete chart of Jean Payne including, but not limited to, medical records, hospital records, consults, physicians orders, progress notes, nurses notes, lab reports, x-rays (on disc), pharmacy records, admission and discharge summaries, an itemized statement of account (for services provided to Ms. Payne while in the care of your facility) along with any and all other documents in your possession regarding the admission of Ms. Payne.

9. Produce copies of any and all policies and procedures manuals regarding the proper method(s) of identifying and preventing injuries from patient falls that were in effect from January 1, 2014 to December 31, 2014.

10. Produce copies of building sketches outlining the locations of rooms, with room numbers, including the room to which Ms. Payne was admitted.

11. Produce any and all documents showing the number of residents and their diagnosis, dependency or disability needs, residing in the section or unit of your facility where Ms. Payne was admitted during the May and June 2014 time period. Plaintiff understands that Defendants will redact resident names and/or other identifying information.

12. Produce and all documents showing the staffing levels for each shift and the staff to resident/patient ratio for each shift for the unit where Ms. Payne was admitted in May 2014.

13. Produce job descriptions for nurse, both RNs and LPNs, certified nursing assistants and aids working in your facility in May and June 2014.

14. Produce documents showing your net worth.

15. Produce any and all information pertaining to any and all complaints, to any agency, against your facility, correspondence, internal memorandum, incident reports, South Carolina State Court Complaints or Federal Court Complaints or other instance in which any accidents or incidents were alleged to have occurred where a patient fell and was injured at the defendant's facility during the last five (5) years.

16. Produce any and all incident reports or investigative reports into any of the injuries or falls regarding Ms. Payne.

17. Produce a copy of each inspection by SC DHEC and/or any other investigative body that have performed inspections of your facility for the last five (5) years.

18. Produce a copy of any and all witness statements relating to the June 2014 fall of Ms. Payne.

19. Produce a copy of any policies and procedure manuals regarding the prevention of falls in residents who have been deemed to be at high risk for falls that were in effect in May and June 2014.

*[Signature appears on the following page.]*

3

*[signature]*

Theile B. McVey (SC Bar No.: 16682)
tmcvey@kassellaw.com
John D. Kassel (SC Bar No.: 03286)
jkassel@kassellaw.com
KASSEL MCVEY ATTORNEYS AT LAW
1330 Laurel Street
Post Office Box 1476
Columbia, South Carolina 29202-1476
803-256-4242
803-256-1952 (Facsimile)
Other email: emoultrie@kassellaw.com

Sarah L. Clingman, Esquire
sarah@clingmanlaw.com
Clingman Law Firm, LLC
1522 Richland Street
Columbia, SC 29201
803-787-0557
803-782-7607 (Facsimile)

ATTORNEYS FOR PLAINTIFF

October 18, 2016

Columbia, South Carolina.